# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

JAMES E. COOKE, JR., : 
: 
      Plaintiff, : 
: 
v. :   Civ. No. 11-032-LPS
: 
MR. ALLEN PEDRICK, et al., : 
: 
      Defendants. : 

---

James E. Cooke, Jr., Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

Ryan Patrick Connell, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

## MEMORANDUM OPINION

November 18, 2011
Wilmington, Delaware

[signature]

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff James E. Cooke, Jr. ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Plaintiff, a pretrial detainee, is currently housed at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND

Plaintiff is housed at the HRYCI, awaiting retrial of criminal charges, following the reversal of his conviction of rape in the first degree, burglary in the first degree, arson in the first degree, two counts of murder in the first degree, and resultant death sentence. *Cooke v. State*, 977 A.2d 803 (Del. 2009).

Plaintiff was charged with sexual misconduct and sent to "the hole" for thirty days. Plaintiff alleges that Defendant Allen Pedrick ("Pedrick") unfairly sanctioned him because Pedrick is biased. Plaintiff was told by Warden Phil Morgan ("Warden Morgan") that he would not be released from "the hole" until Warden Morgan spoke to Pedrick, the investigating officer, even though Capt. Berger was the original investigator.

During an interview/hearing with Pedrick on August 3, 2010, for a May 21-22, 2010 incident, Pedrick asked Plaintiff how he pled, and Plaintiff replied that he was "not guilty." Pedrick found Plaintiff guilty. In reviewing the Complaint, it appears the hearing was for an

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

infraction other than sexual misconduct. Pedrick sanctioned Plaintiff to forty days time served and Plaintiff appealed, but Pedrick denied the appeal. Plaintiff alleges that Pedrick denied his due process rights and lied on his report. He also alleges that Defendant Sgt. Pervone Crooper ("Crooper") lied on his report because he had already found Cooke guilty.

Plaintiff appeared before Pedrick on December 17, 2010 for an interview/hearing on a sexual misconduct infraction that allegedly occurred on December 13, 2010. Plaintiff pled "not guilty," but Pedrick found him guilty, and sanctioned Plaintiff to thirty days. Plaintiff complained that he was supposed to face his accuser and he had witnesses that the incident did not happen. Plaintiff told Pedrick that the C/O had written a false report, but Pedrick disputed this. Plaintiff told Pedrick that he previously "lied on [him]," he was racist, and he was trying to get back at Plaintiff for the lawsuit he filed against Pedrick.[2]

Plaintiff appealed Pedrick's decision to Defendant John Polk ("Polk"). Polk denied the appeal and concluded, that based upon "questioning the people involved, . . . [Plaintiff] did the act." Plaintiff alleges that Polk's report is fraudulent.

Finally, Plaintiff alleges that white inmates who were charged with different infractions received lesser sanctions than he did. Plaintiff refers to a young man who was charged with two sexual misconduct charges who served a fifteen day sanction, but the Complaint does not provide the man's race.

Plaintiff sues Pedrick for race discrimination, conspiracy, a fraudulent report, and deprivation of his rights. Plaintiff sues Defendant Commissioner Carl C. Danberg ("Danberg")

---

[2]Court records indicate that Cooke has filed numerous lawsuits naming Pedrick as a defendant.

for endangering Plaintiff's life at the HRYCI. Plaintiff sues Crooper for conspiracy and a fraudulent report. Finally, Plaintiff sues Polk for conspiracy, a group fraudulent report, improper procedures, and failing to report that Pedrick is a racist disciplinary hearing officer. Plaintiff seeks compensatory damages.

### III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-

3

28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content

4

allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

### A. Respondeat Superior

Plaintiff names Commissioner Danberg as a defendant, but other than the prayer for relief the Complaint contains no allegations referencing him. Hence, it appears that Plaintiff names Danberg based upon his supervisory position.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and that, in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *See Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. Aug. 18, 2010) (citing *Iqbal*, 129 S.Ct. at 1948-49) (not published); *Rode*, 845 F.2d at 1207.

"Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated

the Constitution." *Iqbal*, 129 S.Ct. at 1948. In *Iqbal*, the Supreme Court emphasized that "[i]n a § 1983 suit – here masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 129 S.Ct. at 1949. "Thus, when a plaintiff sues an official under § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 129 S.Ct. at 1949). The factors necessary to establish a § 1983 violation will vary with the constitutional provision at issue. *See id.*

*Under pre-Iqbal* Third Circuit precedent, "[t]here are two theories of supervisory liability," one under which supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and another under which they can be liable if they "participated in violating plaintiffs' rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 127 n.5 (3d Cir. 2010) (internal quotation marks omitted). "Particularly after *Iqbal*, the connection between the supervisor's directions and the constitutional deprivation must be sufficient to demonstrate a plausible nexus or affirmative link between the directions and the specific deprivation of constitutional rights at issue." *Id.* at 130.

The Third Circuit has recognized the potential effect that *Iqbal* might have in altering the standard for supervisory liability in a § 1983 suit but, to date, has declined to decide whether

6

*Iqbal* requires narrowing of the scope of the test. *See Santiago*, 629 F.3d 130 n.8; *Bayer v. Monroe County Children and Youth Servs.*, 577 F.3d 186, 190 n.5 (3d Cir. 2009) (stating in light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides sufficient basis to impose liability upon supervisory official). Hence, it appears that, under a supervisory theory of liability, and even in light of *Iqbal*, personal involvement by a defendant remains the touchstone for establishing liability for the violation of a plaintiff's constitutional right.[3] *Williams v. Lackawanna County Prison*, 2010 WL 1491132, at *5 (M.D. Pa. Apr. 13, 2010).

Facts showing personal involvement of the defendant must be asserted; such assertions may be made through allegations of specific facts showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights or created such policies where the subordinates had no discretion in applying the policies in a fashion other than the one which actually produced the alleged deprivation; *e.g.*, supervisory liability may attach if the plaintiff asserts facts showing that the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff. *See Sample*, 885 F.2d at 1117-18; *see also Iqbal*, 129 S.Ct. at 1949-54; *City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, 128 F. App'x 240 (3d Cir. Apr. 11, 2005) (not published).

---

[3]"Supervision entails, among other things, training, defining expected performance by promulgating rules or otherwise, monitoring adherence to performance standards, and responding to unacceptable performance whether through individualized discipline or further rulemaking." *Sample v. Diecks*, 885 F.2d 1099, 1116 (3d Cir. 1989). "For the purpose of defining the standard for liability of a supervisor under § 1983, the characterization of a particular aspect of supervision is unimportant." *Id.* at 1116-17.

Plaintiff provides no facts describing how Commissioner Danberg allegedly violated his constitutional rights, that Commissioner Danberg expressly directed the deprivation of his constitutional rights, or that Commissioner Danberg created policies under which subordinates had no discretion but to apply them in a fashion which actually produced the alleged deprivation. Plaintiff has alleged no facts to support personal involvement by Commissioner Danberg. Accordingly, the Court will dismiss as frivolous all claims against Commissioner Danberg pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B.  Race Discrimination/Equal Protection

Plaintiff alleges race discrimination in violation of the Equal Protection Clause. To state a claim under the Equal Protection Clause, a prisoner must allege that he was treated differently from similarly situated inmates. *See Saunders v. Horn*, 959 F.Supp. 689, 696 (E.D. Pa. 1996); *see also City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (noting that Equal Protection clause "is essentially a direction that all persons similarly situated should be treated alike"); *Price v. Cohen*, 715 F.2d 87, 91 (3d Cir. 1983) ("To establish a violation of the equal protection clause, a plaintiff must show that [an] allegedly offensive categorization invidiously discriminates against [a] disfavored group.").

Plaintiff has failed to allege that Pedrick and/or Polk treated him differently from other inmates. All of the infractions and their sanctions to which Plaintiff refers, save one, were for acts other than sexual misconduct. While Plaintiff refers to discipline imposed on a young man for sexual misconduct, the Complaint does not identify the young man's race or his inmate status (i.e., pretrial detainee or sentenced inmate). The claim of race discrimination is conclusory.

8

Accordingly, the Court will dismiss as frivolous the race discrimination claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### C. Fraudulent Reports

Plaintiff alleges that: (1) Pedrick lied on a report wherein he found Plaintiff guilty of an infraction; (2) Crooper lied on his report because he had already found Plaintiff guilty; and (3) Polk wrote a fraudulent report wherein he denied Plaintiff's appeal. In reading Plaintiff's allegations it is evident that he had a procedural opportunity to address his assertion that the reports were false. *See Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (stating as long as procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state due process claim). Therefore, the claims fail.

Accordingly, the Court will dismiss as frivolous the fraudulent reports claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### D. Due Process

Plaintiff alleges that he was not allowed to face his accuser, he had witnesses to support his claim that he did not engage in sexual misconduct and, in general, he was denied his right to due process during disciplinary hearings. Pretrial detainees have a liberty interest in being free from punishment prior to conviction under the Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979). "Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." *Id.* at 538. Therefore, "if a restriction or condition is not reasonably related to a legitimate goal – if it is arbitrary or

9

purposeless – a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees." *Id.* at 539. In the absence of substantial evidence in the record to indicate that the officials have exaggerated their response, courts should ordinarily defer to the expert judgment of corrections officials in determining whether restrictions or conditions are reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion, given that said considerations are peculiarly within the province and professional expertise of corrections officials. *See id.* at 540 n.23.

Unconstitutional punishment typically includes both objective and subjective components. *See Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" while the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.*

With respect to the procedural due process claims, the procedures required by *Wolff v. McDonnell*, 418 U.S. 539 (1974), apply if the restraint on liberty is imposed for disciplinary reasons; but if the restraint is for "administrative" purposes, the minimal procedures outlined in *Hewitt v. Helms*, 459 U.S. 460 (1983), are all that is required. *See Stevenson*, 495 F.3d at 70. In *Wolff*, 418 U.S. at 556, the Supreme Court held that prisoners must be accorded due process before prison authorities may deprive them of state created liberty interests. A prison disciplinary hearing satisfies the Due Process Clause if the inmate is provided with: (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the

10

evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 563-71.

Here, the allegations of a violation of Plaintiff's procedural due process rights are conclusory. Even liberally construing the Complaint, as the Court must, Plaintiff has failed to state a procedural due process claim. Accordingly, the Court will dismiss the procedural due process claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), as the Complaint fails to state a claim upon which relief may be granted. However, since it appears plausible that Plaintiff may be able to articulate a procedural due process claim against a defendant or name alternative defendants, he will be given an opportunity to amend his pleading with respect to this claim. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (stating leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

### E. Conspiracy

Plaintiff alleges that Pedrick, Polk, and Crooper conspired to violate his rights. For a conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by defendants with the specific intent to violate that right. *Williams v. Fedor*, 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), *aff'd*, 211 F.3d 1263 (3d Cir. 2000); *see also Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir. 1993) (stating plaintiff must show that two or more conspirators reached agreement to deprive him or her of constitutional right under color of law); *Kelley v. Myler*, 149 F.3d 641, 648-49 (7th Cir. 1998) (stating agreement or understanding to deprive the plaintiff of constitutional rights must exist).

11

The allegations are conclusory. In addition, the Complaint does not contain sufficient allegations that indicate a deprivation of Plaintiff's constitutional rights or that Defendants reached an agreement to deprive Plaintiff of his constitutional rights. Therefore, the conspiracy claims will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## V. **CONCLUSION**

For the reasons discussed, the Court will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to amend the procedural due process claim.

An appropriate Order follows.